UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASILIO TREVON SIMS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:25-cv-2849 SCR P<br><br><br><br>ORDER |

Plaintiff is incarcerated in state prison and proceeds pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint ("FAC") is before the undersigned for screening under 28 U.S.C. § 1915A. (ECF No. 5.) For the reasons set forth below, the undersigned finds that plaintiff's FAC fails to state any cognizable claims for relief. Plaintiff will be given leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to

remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S FAC

The events underlying the FAC occurred at Sacramento County Jail on April 2, 2021.

(ECF No. 5 at 3.)  The complaint names two defendants, the Sacramento County Sheriff's Department and Sacramento County.  (Id. at 1.)  Plaintiff alleges he was assaulted and subjected to excessive force by an unnamed officer during intake/booking.  The officer threw plaintiff to the ground, jumped on top of him, and twisted his limbs.  The incident was caught on camera.  Plaintiff claims officials lied in the report and said he was uncooperative.  (Id.)  He alleges that Shane Spence of Internal Affairs illegally closed the case.  Plaintiff states he was denied medical attention and suffered sore limbs and emotional distress.  He seeks $4.4 million in damages.

## LEGAL STANDARDS

### I.     42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II.    Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

3

Cir. 1978) (citation omitted).

### III.     Municipal Liability

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. at 691, 694; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). However, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered." AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted). Plaintiff must also show that the policy or custom of the government "reflects deliberate indifference" to plaintiff's constitutional rights. Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quotation marks and citation omitted). Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002) (quotation omitted)).

### DISCUSSION

### I.     Failure to State a Claim

Because the alleged use of force occurred during intake, the undersigned construes the FAC as alleging excessive force in violation of the Fourteenth Amendment. See Castro, 833 F.3d at 1069-70 (Pretrial detainees' excessive force claims "arise under the Fourteenth Amendment's Due Process Clause."). However, as explained in the Legal Standards section above, municipal defendants like the Sacramento County Sheriff's Department and Sacramento County cannot be held vicariously liable under § 1983 for the actions of their employees. Monell, 436 U.S. at 691.

In other words, plaintiff's claims against defendants cannot proceed just because one of their employees allegedly used excessive force. Instead, § 1983 requires plaintiff to identify a policy or custom of defendants' that was the moving force behind the alleged violation of his constitutional rights. Plaintiff's FAC does not identify such a custom or policy. Further, while § 1983 permits Fourteenth Amendment excessive force claims against "persons" acting under color of state law, plaintiff's complaint does not identify the officer who allegedly used to excessive. For these reasons, the undersigned finds that plaintiff's FAC does not state any claims for relief.

## II.    Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the FAC does not state any valid claims for relief against either of the two municipal defendants, Sacramento County Sheriff's Department of the County of Sacramento. Because of the defects discussed above, the undersigned will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is advised to consider the relevant legal standards governing his potential claims for relief that are attached to this order. See Attachment A.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:25-cv-02849 SCR P,** and must be labeled **"Second Amended Complaint."**

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 27, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

**I.      Fourteenth Amendment Excessive Force**

Claims concerning excessive force against pretrial detainees arise under the Fourteenth Amendment. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). To prevail on such a claim, a plaintiff must show that the defendant's use of force was (1) deliberate; and (2) objectively unreasonable. Kingsley v. Hendrickson, 576 U.S. 389, 395-97 (2015). As to the second element, objective reasonableness turns on the facts of each case, such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id. at 2473. Objective reasonableness is assessed based on the information known to the officer at the time. Id. at 2474.