UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASILIO TREVON SIMS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO SHERIFF'S DEPARTMENT,<br><br>Defendant. | No.  2:25-cv-02849 SCR P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  By order filed October 28, 2025, the undersigned found plaintiff's first amended complaint defective and granted him 30 days to file an amended complaint.  ECF No. 18.  The undersigned warned plaintiff that failure to comply would result in the recommendation that the action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.  Id. at 6.  More than 30 days have passed, and plaintiff has not filed an amended complaint or otherwise responded to the order.  Accordingly, the undersigned recommends that the action be dismissed without prejudice for failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with a court order, Local Rule 110.

When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that plaintiff's complaint was screened out and defendant was not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter. The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly appoint a District Judge to this matter.

In addition, IT IS RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE